NOT FOR PUBLICATION (Doc. No. 3)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____

STEVEN BRAHNEY,

      Plaintiff,        Civil No. 14-1422 (RBK/AMD)

      v.

       **OPINION**

PINNACLE CREDIT SERVICES and
TINA N. VINCELLI,

      Defendants.
_____

**KUGLER**, United States District Judge:

Before the Court is the unopposed motion of Pinnacle Credit Services ("Pinnacle") and Tina N. Vincelli (collectively "Defendants") to dismiss the pro se Complaint of Steven Brahney ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, this motion will be **GRANTED IN PART**.

I.     FACTUAL BACKGROUND

This matter arises out of the reporting of allegedly inaccurate credit information by Defendants to credit reporting agencies. In December 2013, Plaintiff allegedly discovered that a "negative trade line" was being reported on his consumer credit report. (Compl. ¶ 2.) He alleges that he thereafter learned that the "negative trade line" could only be removed by Defendant Pinnacle, which is a debt collection agency. (Id.) Plaintiff then sent Pinnacle a written request to validate his alleged debt, and also contacted Pinnacle by telephone to request that the account be removed. (Id. ¶¶ 2, 4.) He

also indicates that he attempted to contact Defendant Vincelli, who is alleged to be both "the principal of Pinnacle Credit Services," and an associate at the law firm of Seiler Schindel, PC. (Id. ¶ 5.)[1] He alleges that she ignored his "multiple faxes, phone calls and emails to amicably resolve the situation." (Id. ¶ 7.)

Plaintiff alleges that Pinnacle is in the business of purchasing portfolios of debt that have been charged off by creditors for "pennies on the dollar," and then attempting to recover on those debts. (Id. ¶ 6.) He alleges that Pinnacle itself does not engage in collection attempts, but engages third party firms to actually contact the debtors. (Id.) He claims that when one of these firms receives a request for debt validation, which must be responded to within a specified time frame by law, it will assign the debt to a new firm, which allegedly "restarts the clock." (Id.)

Aside from alleging that Defendants were involved in reporting inaccurate information about him to credit reporting agencies, Plaintiff also claims that he requested in writing that Pinnacle validate his debt, but that Pinnacle failed to respond to his request, although a response is required by federal law. (Id. ¶ 2.)

Proceeding pro se, Plaintiff filed his Complaint on February 21, 2014 in the Superior Court of New Jersey, Law Division, Gloucester County. He alleges violations of Section 623 of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. The Complaint also claims that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601 et seq. On March 6, 2014, Defendants removed the action to this Court, invoking this Court's jurisdiction over actions arising under federal law pursuant to 28 U.S.C. § 1331. Defendants then filed a motion to dismiss the Complaint

---

[1] Defendants assert in their brief that Ms. Vincelli is not an officer or owner of Pinnacle, but rather a lawyer in private practice. Def.'s Mot. Dismiss at 2.

2

for failure to state a claim, and for lack of personal jurisdiction over Defendant Vincelli, which Plaintiff has not opposed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot

survive where a court can only infer that a claim is merely possible rather than plausible. Id.

When a plaintiff is not represented by counsel, courts should construe the complaint liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520 (1972). Such a pro se complaint should only be dismissed for failure to state a claim if "it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Because a defendant has the burden of demonstrating that a complaint fails to state a claim upon which relief can be granted, and the plaintiff bears no burden at all at the motion to dismiss stage, a motion to dismiss should not be granted simply because it is unopposed. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

### III. DISCUSSION

#### A. Personal Jurisdiction

Defendant Vincelli argues first that this Court cannot exercise personal jurisdiction over her, as she has not directed any activities at the forum state of New Jersey, and her only involvement in this dispute is her employment at a law firm that performs legal services for Pinnacle. The Court agrees that it cannot presently exercise personal jurisdiction over Vincelli.[2]

First, the Court observes that "[w]hen a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with

---

[2] Although a defendant may waive her objection to personal jurisdiction by failing to raise it in a timely manner, Fed. R. Civ. P. 12(h)(1), removal to federal court does not result in such a waiver. Arizona v. Maypenny, 451 U.S. 232, 242 n.17 (1981). Thus, Vincelli did not waive her objection to personal jurisdiction by removing this action from state to federal court.

sufficient facts to establish that jurisdiction is proper." Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).  Thus, a motion to dismiss for lack of personal jurisdiction "is inherently a matter which requires resolution of factual issues outside the pleadings, i.e., whether in personam jurisdiction actually lies." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984).  A plaintiff meets this burden by presenting a prima facie case for the exercise of personal jurisdiction, which requires that he establish "with reasonable particularity sufficient contacts between the defendant and the forum state." Id. (citing Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc., 819 F.2d 434 (3d Cir. 1987)).  It is insufficient to rely on the pleadings alone; rather a plaintiff must establish facts relevant to personal jurisdiction by affidavits or other competent evidence.  Patterson v. Fed. Bureau of Investigation, 893 F.2d 595, 603-04 (3d Cir. 1990) (citing Time Share Vacation Club, 735 F.2d at 66 n.9.  As Plaintiff has not filed an opposition brief, he has not carried his burden of establishing facts outside of the pleadings to establish that personal jurisdiction is proper over Defendant Vincelli, and the Court must grant her dismissal on this basis.

Further, although allegations in a complaint are insufficient, even these do not support personal jurisdiction over Vincelli.  Personal jurisdiction in cases arising under federal law is governed by Federal Rule of Civil Procedure 4.  That rule provides, in relevant part, that "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed. R. Civ. P. 4(k)(1).

A determination of whether personal jurisdiction exists over a nonresident of the state in which the court sits involves a two-part inquiry.  "First, there must be a statutory

5

basis for exercising jurisdiction over the nonresident defendant in accordance with the law of the forum state," and "[s]econd, the nonresident must have minimum contacts with the forum state sufficient to satisfy constitutional due process." Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA, 623 F.3d 147, 155 (3d Cir. 2010) (citing Fed. R. Civ. P. 4(e)).

New Jersey's "long-arm" statute permits courts to exercise personal jurisdiction over nonresident defendants to the maximum extent possible under the Due Process Clause. See Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 n.5 (3d Cir. 1990). Thus, it is only the constitutional test that must be satisfied to exercise jurisdiction over a nonresident defendant in the forum state of New Jersey. Under the Due Process clause, personal jurisdiction may be exercised when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007). This means that a court must analyze the relationship between "the defendant, the forum, and the litigation," to determine whether personal jurisdiction exists. Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

Personal jurisdiction can be established in one of two ways. If the particular cause of action arose from the defendant's activities in the forum state, "specific jurisdiction" may exist over the defendant. Provident, 819 F.2d at 437. In determining whether specific jurisdiction exists, a court must analyze whether (1) the defendant purposely directed his or her activities at the forum; (2) whether the litigation arises out of or relates to at least one of those activities; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of "fair play and substantial justice."

O'Connor, 496 F.3d at 317 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).

If the cause of action is unrelated to activities in the forum state, the defendant must have "continuous and systematic" contacts with the forum state, which results in "general jurisdiction" over a defendant. Provident, 819 F.2d at 437. This requires more than mere "minimum contacts" with the forum state. Id. The plaintiff mush show that the defendant purposely directed her activities toward the residents of the forum state, or otherwise "purposely availed" herself of the privilege of conducting activities in the forum state. IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

There is nothing in the Complaint to indicate that Defendant Vincelli, an attorney evidently practicing in Minnesota, ever directed any activities at New Jersey.[3] Courts have found that an attorney who sends a letter attempting to collect a debt into another jurisdiction can be subject to specific jurisdiction there under the due process test. See Sluys v. Hand, 831 F. Supp. 321, 324 (S.D.N.Y. 1993). However, the Complaint does not allege that Vincelli sent any letters to Plaintiff, or made any affirmative attempt to collect a debt from him. Rather, reading the Complaint in the light most favorable to Plaintiff, it alleges that he found that some association existed between Vincelli and

---

[3] The Court assumes that Vincelli is a resident of Minnesota, as Defendants' brief indicates that she practices law there, and Plaintiff also alleges that she is engaged in debt collection in Minneapolis, Minnesota. (Compl. ¶ 5.) However, it would have been preferable if Vincelli had submitted an affidavit or other document establishing her jurisdiction of residence and the nature of her contacts, or lack thereof, with the forum state. See Bosdorf v. Beach, 79 F. Supp. 2d 1337, 1343 (S.D. Fla. 1999) (indicating that a "meritorious challenge to personal jurisdiction," should include "affidavits, documents, or other testimony") (citing Sculptchair, Inc. v. Century Arts., Ltd, 94 F.3d 623 (11th Cir. 1996)). Because Third Circuit law indicates that a defendant need only raise the issue in order to place the burden on the plaintiff, the Court does not find this to be a sufficient basis to deny a motion to dismiss.

7

Pinnacle, and that he then attempted to contact Vincelli. The Complaint does not allege that he ever spoke to Vincelli, or that she ever corresponded with Plaintiff at all, by telephone, in writing, or otherwise.

Further, while individuals may not be shielded from suit based on their status as employees of a corporation, "jurisdiction over individual officers and employees of a corporation may not be predicated on the court's jurisdiction over the corporation. . . ." Brink v. First Credit Res., 57 F. Supp. 2d 848, 859 (D. Az. 1999) (citing Calder v. Jones, 465 U.S. 783, 789 (1984)). Even if the Complaint is read to allege that Vincelli is an officer or owner of Pinnacle, that is not sufficient to establish personal jurisdiction over her. Therefore, Defendant Vincelli must be dismissed from this action due to lack of personal jurisdiction. The Court will move on to analyze the sufficiency of the pleadings as to the remaining defendant, Pinnacle.

### B. Fair Credit Reporting Act

The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 708 (3d Cir. 2010) (quoting Guimond v. Trans Union Credit Info Co., 45 F.3d 1329, 1333 (9th Cir. 1995)). The FCRA contains "provisions intended to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." Id. (citations omitted). The "consumer oriented objectives" of the FCRA "support a liberal construction" of this statutory scheme. Id.

Plaintiff asserts a violation of the FCRA's prohibition against a person transmitting information to credit reporting agencies that the person "knows or has

reasonable cause to believe" is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A).[4] He refers specifically to § 1681s-2(a)(7), which provides that:

> If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 1681a(p) of this title furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer.

Section 1681s-2 also requires furnishers of credit information to correct and update information, and provides rules governing disputes by a consumer. 15 U.S.C. § 1681s-2.

Although the FCRA provides a private right of action against credit reporting agencies, § 1681s-2(a) "cannot be used by a private individual to assert a claim" against a furnisher of credit information, "as such claims are available only to the Government." SimmsParris v. Countywide Fin. Corp., 652 F.3d 355, 358 (3d Cir. 2011) (citing 15 U.S.C. § 1681s-2(c)). Section § 1681s-2 provides that the mechanisms allowing private enforcement, § 1681n and § 1681o, do not apply to subsections (a) and (e) of Section 1681s-2. Id. However, a private right of action does exist for violations of Section 1681s-2(b), which defines duties of furnishers of information upon "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency." 15 U.S.C. § 1681s-2(b)(1)); see also SimmsParris, 652 F.3d at 358.

Thus, under section 1682s-2(b), a private right of action exists "only after a consumer reporting agency notifies the furnisher of information of a dispute." Ruff v. America's Servicing Co., Civ. No. 07-0489, 2008 WL 1830182, at *4 (D.N.J. Apr. 23,

---

[4] Section 623 of the FCRA, which Plaintiff identifies in his Complaint, is codified at 15 U.S.C. § 1681s-2. This Opinion will refer to Section 623 by its statutory section number.

2008). To state a claim under this section, a plaintiff "must allege that (1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." Id. (citing Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 363 (E.D. Pa. 2001)).

Here, Plaintiff does not satisfy the first element of a claim under § 1681s-2(b), as he does not allege that he filed a notice of dispute with a consumer reporting agency. Thus, he has not pleaded sufficient facts to state a claim under § 1681s-2(b), and as discussed, § 1681s-2(a) does not provide a private cause of action. His FCRA claim against Pinnacle will therefore be dismissed for failure to state a claim.

### C. Fair Debt Collection Practices Act

Although the Complaint is not organized neatly into counts, courts must construe pro se filings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (the "allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers.") Applying such a liberal construction, the Court finds that in addition to his FCRA claim, Plaintiff is attempting to assert a claim under the FDCPA. The Complaint alleges that Plaintiff "sent a debt validation letter to [Pinnacle]," which "failed to respond to [the] debt validation letter as required by the Fair Debt Collection Practices Act." (Compl. ¶ 2.) Plaintiff specifically cites 15 U.S.C. § 1692g in his Complaint, which requires debt collectors to take certain actions within thirty days upon being notified by a consumer that a debt is disputed.[5] The FDCPA allows consumers to recover for actual

---

[5] The statute indicates that if the consumer disputes a debt, "the debt collector shall cease collection of debt, or any disputed portion thereof," until the debt collector verifies the debt and mails the verification to the

and statutory damages against debt collectors who violate its provisions.  15 U.S.C. § 1692k(a); see also Rivera v. Ralph F. Casale & Assocs., LLC, Civ. No. 13-587, 2014 WL 2571555, at *4 (D.N.J. June 9, 2014).

Because Defendants do not set forth any arguments as to the FDCPA allegations, the Court will treat this motion as one for partial dismissal, and will dismiss only the FCRA allegations against Pinnacle.[6]

### D.  Leave to Amend

When a complaint is dismissed for failure to state a claim, leave to amend should normally be granted.  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  However, the rule is not absolute; leave to amend is inappropriate where it would cause undue delay, the amendment is motivated by bad faith or a dilatory motive, the amendment would cause prejudice, or the amendment is futile.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id.

Here, the Court is unable to conclude that Plaintiff could not possibly amend his pleading to state a claim against Pinnacle under 15 U.S.C. § 1681s-2(b), as it is not evident that he never filed a dispute with a consumer reporting agency.  It would also be inappropriate to deny leave to amend based solely on lack of personal jurisdiction, especially where, as here, a full factual record was not developed as to Defendant Vincelli's contacts with the forum state.  See Mylan Pharms., Inc. v. Kremers Urban

---

consumer.  15 U.S.C. § 1692g(b); see also Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 147-48 (3d Cir. 2013).

[6] The Court observes that Defendants were on notice of claims being asserted under both the FCRA and FDCPA, as on their civil cover sheet accompanying the Notice of Removal, Defendants' attorney indicated that causes of action were asserted under both the FCRA and FDCPA.

Development, Civ. No. 02-1628, 2003 WL 22711586, at *4 (D. Del. Nov. 14, 2003); Brooks v. Bacardi Rum Corp., 943 F. Supp. 559, 563 (E.D. Pa. 1996).  Therefore, within the period of time set forth in the Order accompanying this Opinion, Plaintiff may file a motion seeking leave to amend his Complaint.[7]

### IV.     CONCLUSION

For the foregoing reasons, the motion to dismiss will be **GRANTED IN PART**. All claims against Defendant Vincelli, and Plaintiff's claims against Pinnacle under the FCRA will be **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's FDCPA claim against Pinnacle will not be dismissed.  An accompanying Order shall issue.


Dated:  8/29/2014                                              s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge

---

[7] If Plaintiff files a motion for leave to file an amended complaint, he shall attach to the motion a copy of the proposed amended complaint, as required by Local Civil Rule 7.1(f).